

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

*Nicholas P. Melito, Esq.*
*Writer's Direct Dial: (516) 470-0183*
*Writer's Facsimile: (516) 237-2893*
Email: nmelito@meltzerlippe.com

November 18, 2020

**VIA ECF**
Hon. Ronnie Abrams, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, New York 10007

   Re: *Chevalier v. Staffpro, Inc. et al.*
      Docket No. 1:20-cv-07006 (RA)
      MLGB File No.: 14355-00060

Dear Judge Abrams:

  This firm is counsel to Staffpro, Inc., Sharp Management Corp., Brook-Sharp Realty LLC, and Sharp Pros LLC ("Defendants"), in the above-referenced matter. Pursuant to Your Honor's Individual Rules & Practices, Rule 3, we write to respectfully request the Court's assistance in implementing a confidentiality stipulation for documents and information exchanged in furtherance of the mediation currently scheduled for December 3, 2020. A copy of the proposed confidentiality stipulation is attached hereto as **Exhibit A** for your review.

  In order to facilitate a productive mediation, Defendants requested Plaintiff's counsel enter into a confidentiality stipulation limiting the use of documents for use **only at the mediation**. Despite this reasonable proposal, Plaintiff's counsel rejected our request and informed Defendants that Plaintiff's counsel does "not sign any confidentiality/protective order for documents in a court case unless the very high standard for such as set out by the Second Circuit is met." Plaintiff's counsel failed to provide the legal standard he referenced and failed to provide any analysis of same.[1]

  Plaintiff's counsel's position is unfounded in law as it is well established that courts regularly recognize the use of confidentiality agreements in connection with mediation. *See Johnson v. Brennan*, No. 10 CIV. 4712 CM, 2011 WL 4357376, at *1 (S.D.N.Y. Sept. 16, 2011)

---

[1] Plaintiff's counsel stated he will follow the confidentiality that attaches to the mediation. Plaintiff's counsel failed to elaborate his position; however, Defendants believe he is referencing the Mediation Confidentiality Agreement the mediator provided the parties. For ease of reference, we attached the Mediation Confidentiality Agreement hereto as **Exhibit B**.

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**

Hon. Ronnie Abrams, U.S.D.J.
United States District Court
November 18, 2020
Page 2

(noting that the parties "negotiate[ed] a confidentiality agreement, and engag[ed] in an informal exchange of documents and other data to assess the claims and calculate damages [prior to mediation]"); *Davenport v. Elite Model Mgmt. Corp.*, No. 1:13-CV-01061-AJN, 2014 WL 12756756, at *1 (S.D.N.Y. May 12, 2014) ("Prior to and in connection with the mediation, the Parties exchanged informal discovery pursuant to a confidentiality agreement to enable the Parties to evaluate the strength and weaknesses of Plaintiffs' claims and reasonably estimate total potential damages"); *Mills v. Capital One, N.A.*, No. 14 CIV. 1937 HBP, 2015 WL 5730008, at *1 (S.D.N.Y. Sept. 30, 2015) ("[Prior to mediation], [t]he parties entered into a confidentiality agreement and exchanged documents and data to assess the claims and calculate damages").

Here, while this matter is filed in court, the parties agreed to participate in mediation well ***before*** discovery commenced. Thus, Defendants believe the use of any informal exchange of documents/information should be limited for use at the mediation only in order for the parties to evaluate their respective claims and defenses as well as potential damages. Should mediation be unsuccessful, Defendants reserve their right to move the Court for a Protective Order to govern the exchange of records throughout litigation.

We sincerely thank the Court for its time and consideration of the foregoing request.

Respectfully submitted,

/s/ Nicholas P. Melito
Nicholas P. Melito, Esq.

cc:     All Counsel *(via ECF)*

As discussed at today's conference, Defendants' motion is denied. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 16.

SO ORDERED.

_____
Hon. Ronnie Abrams
11/24/2020

4851-9829-6786, v. 1