# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~~

**Abdul K. Hassan, Esq.**                                                                 Tel: 718-740-1000
Email: abdul@abdulhassan.com                                                     Fax: 718-740-2000
*Employment and Labor Lawyer*                                              Web: www.abdulhassan.com

**January 15, 2021**

**Via ECF**

Hon. Ronnie Abrams, USDJ
United States District Court, SDNY
40 Foley Square, Courtroom: 1506
New York, NY 10007
Tel: 212-805-0162

<u>Re: **Chevalier v. Staffpro, Inc. et al**</u>
    **Case No. 20-CV-07006 (RA)(BCM)**
    **Motion for Settlement Approval**

Dear Judge Abrams:

  My firm represents plaintiff Nathanael Chevalier ("Plaintiff") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Defendants and Plaintiff all join in urging this Court to approve the settlement as fair and reasonable – Plaintiff writes in support of the motion. Exhibit 1 is a copy of the settlement agreement signed by Plaintiff – a fully executed copy will be provided to the Court once Defendants formally sign, and Exhibit 2 is the time records detailing some of the hours expended by Plaintiff's counsel on this case – Plaintiff's counsel is a solo practitioner, and he was the only attorney that worked on this case for Plaintiff.

  The claims made by Plaintiff are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brings claims for unpaid wages and liquidated damages under the FLSA and NYLL, as well claims for violations of the wage notice and wage statement requirements of NYLL § 195(1) and NYLL § 195(3). Plaintiff also seeks to recover legal fees and costs under the applicable fee-shifting provisions.

  In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and

claims were further refined after extensive discussions, and exchange of information during the mediation conducted by a mediator from this Court's mediation panel.

Based on the allegations in the complaint, Plaintiff is owed unpaid overtime wages of approximately $37,612 – about $17,275.50 under the FLSA two-year statute of limitations period for non-willful violations. Plaintiff was employed by Defendants from on or about August 15, 2016 to on or about March 18, 2020. The complaint in this action was filed on August 28, 2020. (See ECF No. 1).

Defendants may also be able to avoid the imposition of liquidated damages, if they prove the good-faith affirmative defense. Plaintiff also brings claims for wage notice and wage statement violations but the jurisprudence in this area is unsettled. Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant. Moreover, recovery for wage notice and wage statement violations is covered by NYLL and not protected by the FLSA. Defendants denies liability and maintain that Plaintiff was properly compensated for all hours worked.

The total settlement amount is $35,680. (See Ex. 1, Ex. A ¶ 1). Under the settlement, Plaintiff is due to receive $23,334 (See Ex. 1, Ex. A ¶ 1) after costs and a 1/3 contingency fee. (See Ex. 1, Ex. A ¶ 1). See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). See also *Fisher v. SD Prot. Inc.,* 18-2504-CV --- F.3d ----  2020 WL 550470 (2d Cir. Feb. 4, 2020)(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under Cheeks. – such longstanding case law includes the application of *Venegas* which holds that fees that a plaintiff owed his counsel is govern by the retainer agreement and not by statutory fee-shifting provisions).

Plaintiff's counsel is due to receive reimbursement of Six Hundred Eighty Dollars ($680) in filing ($400), and service for four defendants ($280), costs, plus a 1/3 contingency fee of Eleven Thousand, Six Hundred and Sixty-Six Dollars ($11,666) (Ex. 1, Ex. A ¶ 1)[1].

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel."

The hourly fees based on the attached time records (Ex. 1), are $16,740 at the retainer rate of $600/hr. for 27.90hrs or $13,950 at a reduced fee-shifting rate of $500/hr. See *Saravia v. Royal Guard Fence Co., Inc. et al,* 19-CV-02086 (Judge Locke EDNY – December 14, 2020)(awarding Mr. Hassan a 500/hr. rate in the context of a fee-shifting fee application and stating "I would note that there was no opposition to the $500 per hour fee and I think that fee is quite appropriate even if there was opposition. So let me just put that on the record."); *Almond v. PJ Far Rockaway, Inc.*, 2018 WL 922184, at 1 (E.D.N.Y. Feb. 15, 2018) (awarding Mr. Hassan a 450/hr rate in the context of a fee-shifting fee application and noting that "Hassan has been practicing law since 2001 (17 years) and has litigated over 400 employment and wage cases in federal court. He has argued a number of significant employment cases before the Second Circuit."); *De Fabio v. QualityPro Pest & Wildlife Services Inc. et al*, 15-cv-09483, ECF No. 38, (Judge Karas-SDNY) (finding that an hourly rate of $450 an hour for plaintiff's counsel herein is 'reasonable considering Plaintiff's counsel "ha[s] litigated over 350 employment/wage cases in New York's federal courts since 2001"').

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Hixholli v. Aqua* 3065 GC LLC et al, Case Number 19-CV-05654 (Judge Netburn - SDNY, November 25, 2019)(Approving a 1/3 contingency fee of about $15,000 under *Cheeks*); *Gosyne v. Ace Inspection and Testing Services Inc. et al*, Case No. 17-CV-07364 (Magistrate-Judge Reyes - EDNY July 19, 2018)(approving a 1/3 fee of $14,700 under *Cheeks*); *Elahi v. Metropolitan Garment Cleaning Inc. et al*, Case No. 18-CV-02372 (Judge Reyes – R&R November 13, 2018)(approving a 1/3 fee of $13,047 under *Cheeks*); *Romard v. Gateway Arms Management Corp.*, Case No. 18-CV-03185 (Magistrate-Judge Reyes - September 6, 2018)(approving a 1/3 fee of $11,666 under *Cheeks*); *Hosein v. Universal Elevator Inc. et al,* Case No. 17-cv-07597-(Judge Cogan)(approving a 1/3 percentage fee of $16,995 under *Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – approving a 1/3 fee of approximately $26,000); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94); *Palermo v. Efficient Staffing Solutions LLC et al*, 17-CV-00658 (Magistrate-Judge Reyes – EDNY)(1/3 fee of $9,815 under *Cheeks*); *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (Magistrate-Judge Peck - SDNY)(approving 1/3 fees of $23,080 under *Cheeks*); *Bumagin v. The Mount Sinai Medical Center, Inc.* et al, Case No.16-cv-08783, ECF No. 40, (SDNY – Judge Gorenstein)(1/3 fee of $14,000 under *Cheeks*); *Rivera v. Golden Krust Caribbean Bakery Inc.*, Case No. 16-cv-09219 (Magistrate-Judge Pitman) (1/3 fee of $16,666 under *Cheeks*); *Kirkland v. ASA College, Inc. et al*, 16-cv-02908 (Magistrate-Judge Levy – EDNY)(1/3 fee of $12,978 under *Cheeks*); *Domenech v. Parts Authority, Inc.* 15CV-3595, ECF No. 41, 42 (ILG - EDNY) (approving $35,000 in damages and $70,000 in fees and costs under *Cheeks*); *Jones v. Bryant Park Market Event LLC*, 13-CV-1369, ECF Entry of 10/24/2016 (AJP - SDNY).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendants dispute liability and if a jury believes Defendants, Plaintiff may receive

nothing or a lot less. Second, the amount Plaintiff is due to receive under the settlement is not insignificant in relation to the wages claimed and represents a fair compromise in light of the legal and factual issues. Third, there appears to be a desire by all parties to resolve the case early and avoid the significant financial and non-financial costs/harms of litigation. Finally, the settlement was the result of arms' length negotiations and was reached after weighing the law and the facts as well as the strengths and weaknesses of the parties' position and the impact of the COVID-19 pandemic.

Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:**     **Defense Counsel via ECF**