USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 03/12/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATHANEAL CHEVALIER,

                      Plaintiff,

        v.

STAFFPRO, INC. et al.,

                      Defendant.

20-cv-7006 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

       Plaintiff Nathanael Chevalier brings this action against Defendants Staffpro, Inc., Sharp Management Corp., Brook-Sharp Realty LLC, and Sharp Pros LLC, raising claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). On January 15, 2021, the parties submitted a settlement agreement for judicial approval as required by the Second Circuit in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and a joint letter advocating for judicial approval. *See* Dkt. 24. For the reasons stated below, the Court denies the parties' request for approval of the settlement without prejudice to its renewal in accordance with this order.

       District courts must scrutinize FLSA settlements to determine if they are fair and reasonable. *Cheeks*, 796 F.3d at 201, 206. In doing so, courts must evaluate the totality of circumstances including "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citation omitted).

The Court is prepared to approve of most of the parties' proposed settlement agreement, including the overall settlement amount of $35,680 and the one-third contingency fee for Plaintiff's counsel. *See Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) (when using a percentage of the fund approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases"). In addition, although courts must scrutinize confidentiality provisions in FLSA settlements to protect the statute's broad remedial goals, *see Del Aguila v. Newmark Sols. Corp.*, No. 19-CV-7372 (RA), 2020 WL 6273976, at *2 (S.D.N.Y. Oct. 26, 2020), the confidentiality provision in the parties' agreement is acceptable. It is limited to restricting the parties' contact with members of the press and furthermore does not require the parties to maintain the confidentiality of "any facts or information otherwise in the public record or domain," Dkt. 24-1 at 6, which in this case already includes the settlement agreement itself. *See Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-CV-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (approving a "Non-Disclosure and Communications" provision that "mainly restrict[ed] Plaintiffs' contact with media, not their general ability to discuss the Settlement," and "[did] not unduly restrict Plaintiffs' ability to discuss the Settlement, which has been publicly docketed and is accessible to anyone interested in reading it.").

At this time, however, the Court cannot approve of one aspect of the proposed settlement agreement: the "Mutual General Releases." Dkt. 24-1 at 2–3. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *See Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). For this reason, "[a] number of judges in this District refuse to approve any FLSA

settlement unless the release provisions are limited to the claims at issue in this action." *Cionca v. Interactive Realty, LLC*, No. 15-CV-05123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (citation omitted). *See Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (citation omitted) (settlement in which plaintiff was "required to waive essentially all claims that may have arisen out of his employment with Defendants" was "too sweeping to be fair and reasonable and so must be rejected.").

In light of these well-established principles, the Court specifically informed the parties on December 11, 2020, after they notified the Court that they had reached a settlement, that "the Court will not approve of settlement agreements in which . . . Plaintiffs waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." Dkt. 22 (citation omitted).

The parties have nonetheless proposed exactly such an impermissibly broad release provision, in which "Plaintiff . . . releases and forever discharges Defendants" from all "suits or causes known or unknown, suspected or unsuspected, of every kind and nature whatsoever, legal, equitable, contractual, tortious or statutory which may heretofore have existed or which may now exist" between the parties. Dkt. 24-1 at 2. These claims "include[e], but [are] not limited to" the following:

> (i) claims arising directly or indirectly from Plaintiff's employment with Defendants and the termination of that employment; (ii) claims arising directly from the actions or inactions of Defendants; (iii) all allegations and causes of action asserted in the Lawsuit; (iv) claims under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances or orders including, but not limited to, claims arising under the Fair Labor Standards Act, 29 U.S.C. §§201 et seq.; Section 1981 through 1988 of Title 42 of the United States Code; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000(e) et seq., as amended; the Americans With Disabilities Act of 1990, 42 U.S.C. §§12101 et seq.; the Family and Medical Leave Act of 1993, 29 U.S.C. §§2601 et seq.; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.; the National Labor Relations Act, 29 U.S.C. §§151 et seq.; the Rehabilitation Act of 1973, 29 U.S.C. §§701

> et seq.; as amended, the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. §§1161 et seq.; the Occupational Safety and Health Act, 29 U.S.C. §§651 et seq.; the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§621 et seq.; the Older Workers' Benefit Protection Act, as amended; the Internal Revenue Code, the New York State Labor Law §§ 1 et seq. and applicable regulations; New York State Executive Law §§290 et seq.; the Wage Theft Prevention Act, the New York Equal Pay Law; the New York Legal Activities Law, all other New York State Wage and Hour Laws including, without limitation, Sections 740 and 741 of the New York State Labor Law, the New York Worker Health and Safety Act, New York City Human Rights Law, and/or any other federal, state or local human rights, civil rights, wage-hour, wage payment, pension, labor, contract or tort laws, or any other claim arising under the common law including but not limited to defamation, and/or the aforementioned laws' rules and/or regulations, ordinances, or public policy, or any claim for costs, attorneys' fees, disbursements, liens or expenses or any other claim, based upon any conduct occurring from the beginning of the world to the date Plaintiff executes this Agreement.

Dkt. 24-1 at 2. This release provision resembles the overly broad provisions regularly rejected by courts in the Second Circuit. *See Gurung*, 226 F. Supp. 3d at 228. As this Court has previously stated, it will not "countenance employers using FLSA settlements to erase all liability whatsoever in exchange for partial payment of wages allegedly required by statute." *Lazaro-Garcia*, 2015 WL 9162701, at *2 (quoting *Flood v. Carlson Restaurants Inc.*, No. 14 CIV. 2740 (AT), 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015)).

The mere fact that the release is "mutual," in that Defendants also agree to release Plaintiff from "all claims that Defendants may have arising out of Plaintiff's employment with Defendants," is insufficient to save this clause. "[D]espite the formal reciprocity of [mutual] releases, their practical effect in some cases may be lopsided because they may stand to benefit only the employer defendant, who realistically may be less likely than the employee plaintiff to have latent claims against its adversary." *Gurung*, 226 F. Supp. 3d at 229. For that reason, courts regularly decline to approve mutual releases "absent a sound explanation for how [a] broad [mutual] release benefits the plaintiff employee." *Larrea v. FPC Coffees Realty Co., Inc.*, No. 15-CV-1515 (RA), 2017 WL 1857246, at *3 (S.D.N.Y. May 5, 2017) (quoting *Gurung*, 226 F. Supp. 3d at 228); *see, e.g., Daniels v. Haddad*, No. 17-CV-8067 (RA), 2018 WL 6713804, at *1

(S.D.N.Y. Dec. 17, 2018) (approving a broad mutual release where the parties described the potential claims the defendants may have had against the plaintiff and thereby persuaded the Court "that the releases are indeed reciprocal and that they provide Plaintiff a practical benefit comparable to the benefit that Defendants will receive"). In this case, by contrast, "the parties have provided no basis for finding that [the mutual] release provision provides Plaintiff[] any comparable benefit," particularly in light of the fact that the agreement "provides a long list of the claims an employee may assert against her employer" but "provides no illustration of a claim that the [Defendants] may assert against the [Plaintiff]." *Martinez v. SJG Foods LLC*, No. 16-CV-7890 (RA), 2017 WL 2169234, at *2 (S.D.N.Y. May 16, 2017). Indeed, the parties' motion for settlement approval does not even mention the mutual release provision, much less attempt to justify it. For that reason, the Court cannot at this time approve of the parties' release provision, notwithstanding its mutuality.

   Accordingly, no later than March 26, 2021, the parties shall proceed in one of the following ways:

(1) The parties may file a revised settlement agreement that comports with this order, in particular by limiting the release of claims to the wage-and-hour claims asserted in this action.

(2) The parties may file a renewed motion for approval of the existing settlement agreement, providing "a sound explanation for how [the] broad release benefits the plaintiff employee." *Gurung*, 266 F, Supp. 3d at 229. *See, e.g., Daniels*, 2018 WL 6713804, at *1.

(3) The parties may stipulate to a dismissal of this action without prejudice, as the Second Circuit has not expressly held that such settlement agreements require court approval. *See Cheeks*, 796 F.3d at 201 n.2.

(4) The parties may file a joint letter indicating their intention to abandon the settlement agreement and continue pursuing this litigation.

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 24.

SO ORDERED.

Dated:   March 12, 2021
         New York, New York

Ronnie Abrams
United States District Judge